The hearing in this case was upon application for a preliminary injunction restraining John Quigley, building inspector of the city of Paterson, and Aaron Meyer, the owner of the building at the corner of Market and Clark streets, Paterson, from in any way interfering with the possession, use and occupation of the premises leased by the complainants from Aaron Meyer. A rule to show cause was issued, and a temporary restraint granted until the return day. Adjournments were had owing to the death of one of the defendant's solicitors, the late Attorney-General McCran.
The building inspector of the city of Paterson, on July 21st, 1925, gave notice to the complainants, and also to the owner of the building, that the building was unsafe and dangerous to property, life and limb, and that it must be made safe. Later, the police, acting under instructions of the building inspector, informed the complainants that they must vacate the building at once, and since August 4th, 1925, the complainants have ceased to do business in the premises. It has been suggested that there was some irregularity by the inspector in this proceeding, but it is not for equity to determine this now. Such proceedings must stand until set aside by a legal tribunal.
Complainants claim that they have made internal improvements in the building in view of their leasehold interest, and that their business is profitable, but the defendant Meyer says that one of the complainants, Pappas, immediately preceding the commencement of this suit, informed him that his furnishings and equipment are and for some time past have been heavily mortgaged, and that he has been unable to pay off his debts because his business has been so bad.
Voluminous affidavits were read before me and extensive arguments made by counsel on both sides. The complainants acknowledge that the building is not in proper condition, but claim that it can be made safe by certain repairs, which will *Page 20 
not destroy their leasehold interests, and that the danger of its falling over is not immediate. It is urged that the means suggested by the complainants' experts would result in the interference with the possession of the tenants occupying the first floor, while those advised by the defendants would result in the interference with the tenants occupying the second floor. The owners will, of course, lose rental, it would appear in any event, whichever course is pursued. The equities are somewhat balanced.
Complainants produced affidavits from Frank Worthington, a consulting engineer of the city of Paterson, who has been engaged in such business since 1905, being for about three and one-half years with Samuel O. Miller, of Columbia University, in his private practice, and Henry B. Crosby, an architect of the same place, who has carried on his business since 1902, and who has supervised the erection of many buildings. They say that they do not consider there is immediate danger, although the building must receive attention at once, as the east and west walls incline towards the east, but that it can be made safe by rebuilding the west wall, and then by jacking up the east wall and the columns back into their proper lines.
Aaron Meyer, the owner of the building, tenders himself willing to make the changes in the building which will put it in safe condition, and has also sought the advice of skilled and experienced men as to the best course to be pursued in carrying out the directions of the building inspector.
No proof of fraud on the part of the owner and the building inspector is produced, but the complainants object to the removal of the second story, which is occupied by them as a billiard and pool parlor.
The building has been standing some years, but the owner, who is an aged man, claims that the fact that it was in unsafe condition was first imparted to him when he had notice from the building inspector in July, 1925. He is a resident of Newark, and further swears that he has had no occasion to visit the premises frequently, and has not been active in business in Paterson. *Page 21 
The defendant produced affidavits from the late William T. Fanning, an architect of the city of Paterson, who has supervised the building of many of the public buildings and numerous public schools and other institutions; James E. Torry, a structural engineer of John W. Ferguson Company of Paterson; William L. Platt, president and general manager of William L. Platt Construction Company of the city of Paterson, and Charles H. Gilmour, president-treasurer, Gilmour Brothers, general masons, contractors and builders of the city of Paterson; Henry Stam, superintendent of construction for six years of P.S. Van Kirk Company of Paterson, and Joseph Samworth, general superintendent of construction for the John W. Ferguson Company.
These men are leaders in their business and profession in this locality, and they are all agreed that the building is unsafe and in a very dangerous condition, and that this dangerous condition is aggravated by the fact that the second floor is used as a pool and billiard parlor, and because of the dead load of the tables and the live load caused by persons walking around the tables and congregating on the floors. They disagree with the remedy suggested by Messrs. Crosby and Worthington as to the means of putting the building in safe condition, and state that their suggestions are highly impractical and would be a dangerous operation, and that no repair work as suggested by them will accomplish the result. Furthermore, they are all agreed that the most practical way to render the present structure safe and secure is to remove the second story, as a result of which the lower portion of the side walls would not have any weight or load to carry.
The proofs presented by the defendants greatly outweigh those offered by the complainants, and the general rule is that, when material facts relied on in support of complainants' claim for relief are denied and disputed under oath, preliminary restraint ordinarily will be denied.
The building in question stands on a conspicuous corner in the city of Paterson, on Market and Clark streets, and hundreds of people and vehicles pass it daily. *Page 22 
It is well settled that "an injunction will not be granted when the injury complained of is slight compared to the inconvenience to the defendants and the public that would result from the injunction."
One not expert, viewing the building, will readily observe that the west wall is several inches out of plumb, and that the east wall is also out of plumb. It is said in the affidavits that the west wall is eleven and three-tenths inches out of plumb in its own height, and that the east wall is also out of plumb to an extent in one place of about seven and seven-eighths inches at its height.
After a careful consideration of the proofs, I do not feel justified in granting a preliminary injunction. Preliminary restraint should not be ordered unless upon the pressure of urgent necessity. There must evidently be a change in the building to render it safe. This court should not at the outset restrain municipal officers when they are proceeding lawfully in the discharge of their duties.
A preliminary injunction is denied.